By the Court.
Neither of the above named relators is ■entitled to a peremptory writ of mandamus.
Section 10 of the act of April 27, 1869 (66 Ohio 1. 52), provides “ that it shall be competent for the said commissioners, if from any cause they fail to make the contract or contracts, as above provided, on the day named in the notice, as in this act required, to continue from day to day until such contract or contracts be made; provided that ■such contract shall be awarded to and made with the person or persons who shall offer to perform the labor and furnish the materials at the lowest price, and give good *534 and sufficient bond, to tbe acceptance of tbe commissioners, for the faithful performance of their contract,” etc.
Although the statute does not require the bond to accompany the proposal, or fix the time within which it must be given, yet it was the evident intention of the legislature' that promptness should be required of the lowest bidder in making a tender of his bond. The contract can not be-awarded until the bond is given. And it is only in case the commissioners fail, from some cause, to make the contract on the day named in the notice (for proposals), that it is made competent for them to continue (in session) from day to day until the contract be made. Again, if the lowest bidder fail to give the required bond, the next lowest, who gives a bond, is entitled to have the contract awarded to him. These provisions suggest promptness of action on the part of bidders in complying with the conditions of the statute.
It is claimed, on behalf of the relators, that a reasonable time should be allowed bidders for the preparation and delivery of the bond. In a general sense, this claim is well founded; but, under the provisions of this statute, a reasonable time is such as prompt men would ordinarily require for the performance of such a duty.
As to the Xenia Manufacturing Company, the time agreed upon between it' and the commissioners—to wit, three days—was certainly all the time that could have been reasonably claimed by it. Under the circumstances of this case, the commissioners would have been justified in passing its offer at the expiration of that period. The additional time given to it was ex gratia. And this was so, whether the delay of the company resulted from negligence- or inability on its part to comply with its engagement.
As to Carpenter & Co., while we do not hold them derelict in neglecting to tender a bond in anticipation of the failure of the Xenia Company to comply with the statute, we are well content in holding that time commenced running against them as soon as the Xenia Company made default.- To say the least, Carpenter & Co. should have- *535 shown themselves ready and willing to comply with the statute, by giving bond within a reasonable time after the expiration of the period allowed to the Xenia Company. Delay on their part to the 13th of May was fatal to their rights. It was not the duty of the commissioners 'to demand a bond from them; it was their duty to tender it within a reasonable time.

Peremptory writs refused.